IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

        Appellant,

v.                                                                    Case No.  5D16-3318

NATHAN PATRICK RYAN,

        Appellee.

_____/

Opinion filed September 7, 2017

3.850 Appeal from the Circuit
Court for Orange County,
Alan S. Apte, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellant.

Michael Ufferman, of Michael Ufferman Law
Firm, PA, Tallahassee, for Appellee.

PER CURIAM

    We affirm the trial court's order granting Appellee's motion for post-conviction

relief, which found that Appellee is entitled to a new trial because he was prejudiced by

ineffective assistance of trial counsel.[1]  However, if a new trial is conducted, and if

_____

    [1] Appellee, having served his prison term, was on probation when the appealed
order was entered.

Detective Voyles is called upon to testify, we agree with the State that he should not be asked nor permitted to state his opinion of whether the circumstances, as he knew them, amounted to consensual sex or some form of attempted sexual battery.[2]  That issue is one for the trier of fact.  *See Jackson v. State*, 107 So. 3d 328, 339-40 (Fla. 2012).

AFFIRMED.

ORFINGER, EVANDER, and EDWARDS, JJ., concur.

---

[2] We note that Detective Voyles, the primary investigating detective, was never contacted by or called as a trial witness by defense counsel.  Voyles did testify at the evidentiary hearing on Appellee's post-conviction motion.  Voyles testified that, based upon his observations together with what he had been told, he held the opinion that the sexual encounter involving Appellee and the victim was a "consensual hook-up" rather than any form of rape.  However, he confirmed that he had no intention of offering that opinion testimony at trial.